UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMERO CHUA, | Civil No. 09cv105-L(LSP) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS AS MOOT** |
| v. | |
| AMERICA'S WHOLESALE LENDER, | |
| Defendant. | |

Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike pursuant to Rule 12(f). Subsequently Plaintiff filed a first amended complaint. For the reasons which follow, Defendant's motions are **DENIED AS MOOT**.

A party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. Proc. 15(a)(1)(A). A motion such as a motion to dismiss or a motion to strike is not a pleading, and therefore not a responsive pleading, as the term is used in the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 7(a); *see Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). Accordingly, Plaintiff was able to file its first amended complaint without leave of court. *See id.*

An amended complaint supersedes a prior complaint as a pleading. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). A district court may treat as moot a pending motion to dismiss a superseded pleading, particularly where the amended complaint cures the pleading

defect raised in the motion. *See* William W. Schwarzer *et al.*, Fed. Civ. Proc. Before Trial ¶ 9:262 (2009).

Accordingly, Defendant's motion to strike and motion to dismiss are **DENIED AS MOOT**. Defendant shall file a response to the first amended complaint within the time provided in Rule 15(a)(3).

**IT IS SO ORDERED**.

DATED: May 5, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL