```
Martin T. McGuinn, Esq. (SBN 82530)
C. Colin Cossio, Esq. (SBN 167901)
KIRBY & McGUINN, A P.C.
707 Broadway, Suite 1750
San Diego, California 92101
Telephone:   (619) 685-4000
Facsimile:   (619) 685-4004

Attorneys for Defendant and Counter-claimant
COUNTRYWIDE HOME LOANS, INC.
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMERO CHUA,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICA'S WHOLESALE LENDER (COUNTRYWIDE HOME LOANS),<br><br>  Defendant.<br><br>―――――――――――――――――<br>BAC HOME LOANS SERVICING, L.P. fka COUNTRYWIDE HOME LOANS, L.P. d/b/a/ AMERICA'S WHOLESALE LENDER,<br><br>  Counter-claimant,<br><br>  v.<br><br>ROMERO CHUA; CONSUELO CHUA; R & C TRUST; ALL PERSONS KNOWN AND UNKNOWN CLAIMING A RIGHT, INTEREST OR TITLE TO THE PROPERTY; and DOES 1 through 50,<br><br>  Counter-defendants. | CASE NO. 09-cv-0105 L-LSP<br><br>BAC HOME LOANS SERVICING, L.P. fka COUNTRYWIDE HOME LOANS, L.P. d/b/a/ AMERICA'S WHOLESALE LENDER'S COUNTERCLAIM FOR DECLARATORY RELIEF AND CANCELLATION OF INSTRUMENTS (FULL RECONVEYANCES)<br><br>Ctrm.       14<br>Judge:      Hon. M. James Lorenz |

Defendant and Counter-claimant COUNTRYWIDE HOME LOANS, INC. ("CHL") for itself alone and no other party alleges as follows:

1

**GENERAL ALLEGATIONS**

1.   Defendant CHL is a New York corporation licensed to do business in the State of California as a mortgage lender.  CHL services the note secured by deeds of trust which are the subject of this action.

2.   CHL is informed and believes and thereon alleges that Plaintiff and Counter-defendant Romero Chua ("Romero") is an individual domiciled in the State of California.  Romero Chua purports to be the owner of the real property located at 978 Mira Lago Way, County of San Diego, San Marcos, California 92078, hereafter referred to as the "Property."

3.   CHL is informed and believes and thereon alleges that Counter-defendant Consuelo Chua ("Consuelo") is an individual domiciled in the State of California.  Consuelo Chua also purports to be the owner of the real property located at 978 Mira Lago Way, County of San Diego, San Marcos, California 92078.

4.   CHL is informed and believes and thereon alleges that Counter-defendant R & C Trust ("Trust") is an *inter vivos* trust domiciled in the State of California.  R & C Trust also purports to be the owner of the real property located at 978 Mira Lago Way, County of San Diego, San Marcos, California 92078.  CHL is informed and believes and thereon alleges that R & C Trust allegedly acquired title to the Property on or about April 23, 2009 pursuant to a grant deed from Romero and Consuelo which was recorded in the Official Records of the San Diego County Recorder as Document No. 2009-0210558.

5.   The Property is legally described as:

Crescent Court Phase II (Units 1 through 8 and 25 through 40)

A condominium comprised of:

Parcel 1:

An undivided 1/24th fee simple interest in the common area as a tenant in common as shown and defined on that certain Condominium Plan of Crescent Court Phase 2, recorded in the office of the County Recorder of San Diego County on March 3, 2005 as Document No. 2005-0176498 ("Condominium Plan"), which is situated within Lot 1, in the City of San Marcos, County of san Diego, State of California, according to map thereof No. 14839 on file in the Office of the County Recorder of San Diego County on July 22, 2005 of Official Records.

COUNTERCLAIM FOR DECLARATORY RELIEF                               CASE NO. 09-cv-0105 L-LSP
AND CANCELLATION OF INSTRUMENT

Excepting therefrom all Condominiums situated within Module C as shown and defined on the Condominium Plan.

Further reserving therefrom such easements described In the declaration described below and the map of record referenced above and such other easement as may be of record as of the date hereof.

Parcel 2:

Residential Unit No. 34, as shown and defined on the Condominium Plan. Reserving therefrom a non-exclusive easement over the portions of the Residential Unit described as landscape maintenance areas on the Condominium Plan, if any, as described in the declaration referred to below.

Parcel 3:

A non-exclusive easement, in common with other owners, for ingress, egress, use and enjoyment, over, in, to and throughout the association property shown on the Condominium Plan and over, in, to and throughout the association property of the other phases of the property described in the declaration, which easements are appurtenant to Parcels 1 and 2 described above, subject to the provisions of the declaration. This easement shall become effective as to each of said other phases, respectively, upon (I) recordation of a supplementary declaration of annexation, declaring such phases, respectively, to be subject to the declaration, and (II) conveyance of the first Condominium in each respective phase, all as more fully set forth in the declaration. The association property referred to herein as to each of such phases shall be as shown and described on the Condominium Plan covering each such phase recorded in the Office of the County Recorder of San Diego County, California, this non-exclusive easement is further subject to any exclusive or non-exclusive easements reserved in the declaration, the Condominium Plan, and this Grant Deed.

Parcel 4:

A non-exclusive easement for access, ingress and egress on, over through and across Roadway Module A and Roadway Module B as described in the Condominium Plans.

The real property conveyed in this Grant Deed (the "Property") is conveyed together with a membership in the Crescent Court Condominium Association and accepted subject to that certain Declaration of Covenants, Conditions and Restrictions of Crescent Court recorded in the Office of the County Recorder of San Diego County on March 3, 2005 as Document No. 2005-0176499 and any amendment thereto now of record or which will be of record prior to the recordation of this Grant Deed ("Declaration") of which is incorporated herein by reference to this Grant Deed with the same effect as though fully set forth herein.  As more particularly described in the Declaration, the property is conveyed subject to such easements in favor of the Association as are necessary to perform the duties and obligations of the Association and certain easements reserved by Grantor. Grantee, in accepting this Grant Deed and the conveyance hereunder, does hereby agree, jointly and severally, for the benefit of the Association and each and every one of the other members of the Association, that Grantee will promptly, fully and faithfully comply with and

|   |   |
|---|---|
| 1 | conform to the Declaration and the Articles of Incorporation and Bylaws of the Association and the Rules and Architectural Guidelines referenced in the Declaration. In particular, Grantee does hereby agree, jointly and severally, promptly to pay in full any dues, fees or assessments levied by the Association on the memberships conveyed hereby. The obligations of Grantee herein set forth shall be covenants running with the property it being understood that said membership in the Association and the obligations thereof, will automatically pass to Grantee's successor in title in the property or otherwise, and shall be binding upon the Grantees above named, their heirs, devisees, executors, administrators, successors and assigns. |

The property is also conveyed and accepted subject to that certain Notice of Non-Adversarial Procedures under Civil Code section 912(f) recorded in the Official Records of the County Recorder of San Diego County, California and any amendments thereto now of record or which will be of record prior to the recording this Grant Deed (collectively, the "Notice"), all of which are incorporated here by reference with the same effect as though fully set forth herein.

APN: 228-310-02-34

6. CHL is informed and believes and thereon alleges that each Counter-defendant, including the unknown counter-defendants, was and is the agent, employee, servant, subsidiary, partner, member, successor-in-interest, associate or representative of each other. Counter-defendants, including the unknown Counter-defendants, in all the things alleged to have been done by the Counter-defendants were done in the course and scope of the agency, employment, service, subsidiary relationship, partnership, membership, successor, association or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates or representatives.

7. CHL is informed and believes and thereon alleges that all persons known and unknown claiming a legal or equitable right, title, estate or interest in the Property are named as Counter-defendants. Such a claim may be based upon, without implied limitation, a legal or equitable right, title, estate, lien or interest in the Property adverse to CHL, on the basis of the Full Reconveyances recorded on April 23, 2009.

8. CHL is informed and believes and thereon alleges that the unknown Counter-defendants claim and interest in the Property is adverse to CHL, the basis of which is unknown.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. § 1331 because the basis for this Counterclaim arises under 15 U.S.C. § 1635, which is the law of the United States.

10. This case involves an actual controversy involving justiciable questions relating to the rights, duties, and legal relations between Counter-claimant and Counter-defendants. The declaratory relief is available under 15 U.S.C. § 1635(b).

11. Venue is proper in the United States District Court, Southern District of California because the property that secures the loans at issue is within the District, the underlying First Amended Complaint is pending within the District, and a substantial part of the events giving rise to the action occurred there.

## LOAN INFORMATION

12. On or about March 16, 2006, Romero and Consuelo executed a Promissory Note, in the original principal sum of $454,500.00 (the "Note") secured by a Deed of Trust (the "First Deed of Trust") against the Property. A copy of the Note is attached hereto as Exhibit "1" and made a part hereof by reference. A copy of the Deed of Trust is attached hereto as Exhibit "2" and made a part hereof by reference.

13. The First Deed of Trust was recorded in the Official Records of the San Diego County Recorder on March 27, 2006, as Instrument No. 2006-0208082. The original beneficiary of the First Deed of Trust was Mortgage Electric Registration Systems, Inc. ("MERS"), solely as nominee for Lender, America's Wholesale Lender, and its assigns, predecessor-in-interest to America's Wholesale Lender (a dba of CHL).

14. The original trustee on the First Deed of Trust was ReconTrust Company, N.A., predecessor-in-interest to America's Wholesale Lender (a dba of CHL).

15. On or about March 16, 2006, Chua executed a Home Equity Credit Line Agreement and Disclosure Statement in the original principal sum of $56,800.00 (the "HELOC") secured by a Deed of Trust and Assignment of Rents (the "Second Deed of Trust") against the Property. A copy of the HELOC Agreement is attached hereto as Exhibit "3" and

made a part hereof by reference. A copy of the Deed of Trust and Assignment of Rents for the HELOC is attached hereto as Exhibit "4" and made a part hereof by reference.

16. The Second Deed of Trust was recorded in the Official Records of the San Diego County Recorder on March 27, 2006, as Instrument No. 2006-0208083. The original beneficiary of the Deed of Trust was Mortgage Electric Registration Systems, Inc. ("MERS"), solely as nominee for Lender, America's Wholesale Lender, and its assigns, predecessor-in-interest to CHL.

17. Upon information and belief, Chua became delinquent on one or more of his obligations to CHL in or about June 2008.

18. In an apparent attempt to forestall foreclosure proceedings, Chua filed his original complaint on September 15, 2008. On December 19, 2008, Defendant CHL was served with a summons and complaint in the underlying state court action. On January 20, 2009, Defendant CHL filed a Notice of Removal with this court, and, on January 27, 2009, CHL filed a motion to dismiss and motion to strike with regard to the original complaint. The motions were set to be heard on March 23, 2009. No opposition to the motion to strike or motion to dismiss was submitted by Chua. On March 16, 2009, the Court found that the motions were suitable for determination on the papers and without oral argument. However, on May 1, 2009, Chua filed his First Amended Complaint, alleging violations of several federal statutes including HOEPA, TILA, and RESPA.

19. While preparing its responsive pleading to the First Amended Complaint, CHL conducted a search of public records and found that, on April 23, 2009, a Full Reconveyance ("Full Reconveyance") for the First Deed of Trust was recorded as Instrument No. 2009-0210556 of the Official Records of the San Diego County Recorder. A copy of the Full Reconveyance is attached hereto as Exhibit "5" and made a part hereof by reference. Although it is unknown at this time who actually recorded the document, the document notes that the recording was requested by and was to be mailed to Romero Chua.

20. While preparing its responsive pleading to the First Amended Complaint, CHL conducted a search of public records and found that, on April 23, 2009, a Full Reconveyance for

1  the Second Deed of Trust was recorded as Instrument No. 2009-0210557 of the Official
2  Records of the San Diego County Recorder. A copy of the Full Reconveyance is attached hereto
3  as Exhibit "6" and made a part hereof by reference.  Although it is unknown at this time who
4  actually recorded the document, the document notes that the recording was requested by and
5  was to be mailed to Romero Chua.

6      21.    When the Full Reconveyances were recorded, neither Romero, Consuelo, the R
7  & C Trust, or any other party or individual had paid in full all sums owed under the Notes and
8  Deeds of Trust which would have entitled Romero and Consuelo Chua to the Full
9  Reconveyances.

10      22.    Subsequent to the recordation of the Full Reconveyances, Romero and Consuelo
11  Chua transferred title to the Property to R & C Trust pursuant to a Grant Deed dated February
12  19, 2009, and recorded on April 23, 2009, as Instrument No. 2009-0210558 of the Official
13  Records of the San Diego County Recorder.  A copy of the Grant Deed is attached hereto as
14  Exhibit "7."  It is interesting to note that the Grant Deed is dated the same day that the
15  "authorized agent" of CHL allegedly appeared before a Notary Public in the State of Nevada to
16  execute the Full Reconveyances.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

18      23.    CHL realleges as though set forth in full at this point the allegations contained in
19  Paragraphs 1 through 22.

20      24.    CHL requests that the court issue an order declaring that the First and Second
21  Deeds of Trust remain valid liens against the Property and that the Full Reconveyances are void
22  and of no force and effect.

23      25.    CHL is informed and believes and thereon alleges that Romero, Consuelo and C
24  & T dispute whether the reconveyances (Exhibits 5 and 6) attached hereto and recorded on
25  April 23, 2009, are void and of no force and effect and dispute whether or not CHL has been
26  paid in full for its loans secured by the Property.

27      26.    CHL holds enforceable and valid deeds of trust against the Property, subject only
28  to ad valorem real property taxes.

27. CHL is informed and believes and thereon alleges that the unknown Counter-defendants claim some legal or equitable right, title, state, lien or interest in the Property adverse to CHL, the basis of which is unknown or uncertain, but may be based upon the Full Reconveyances.

28. CHL is informed and believes and thereon alleges that the claims of all Counter-defendants, including unknown Counter-defendants, are subject to the priority of the First and Second Deeds of Trust from the date of their recordation on March 27, 2006. CHL alleges that all liens or interest created after March 27, 2006, are subordinate to the First and Second Deeds of Trust.

29. CHL is informed and believes and thereon alleges that the Full Reconveyances recorded on April 23, 2009, apparently by Romero Chua, are fraudulent and/or forged and are therefore void and of no force and effect.

30. CHL holds or services the First Deed of Trust, which is secured by the Property. CHL alleges that the First Deed of Trust is the most senior lien on the Property and that the Full Reconveyance recorded on April 23, 2009 (Exhibit "5"), is an instrument which is of no force and effect because CHL has not received a pay-off of all funds due under the terms of the Note.

31. CHL holds or services the Second Deed of Trust, which is secured by the Property. CHL alleges that the Second Deed of Trust is the next most senior lien on the Property and that the Full Reconveyance recorded on April 23, 2009 (Exhibit "6"), is an instrument which is of no force and effect because CHL has not received a pay-off of all funds due under the terms of the Note.

32. If Romero and Consuelo Chua or R & C Trust, or any other individual, entity or party, sells the Property to a third party without disclosing the existence of CHL's liens, CHL's rights in the Property under the First and Second Deeds of Trust may be irrevocably lost and altered. Romero and Consuelo Chua's wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to CHL because residential real property is unique and CHL will not be able to restore and assert its lien in favor of a bona fide third party who would take for value and without notice of CHL's liens.

**1**      33.     CHL has no adequate remedy at law for the injuries currently being suffered or that are threatened because CHL will be forced to institute a multiplicity of suits to obtain adequate compensation for its injuries and because CHL will not be able to have restored to it that which will be lost by the sale of the Property to a bona fide purchaser, i.e., its deeds of trust on the Property.

      34.     If the fraudulent Full Reconveyances are left outstanding, CHL may lose its rights to enforce its liens against the Property, and its ability to collect approximately $511,300.00 in principal. Including interest, the sum of $592,808.61 is still owed under the Notes.

      35.     If the fraudulent Full Reconveyances are not cancelled, CHL will suffer damages in an amount which is unknown at this time, but CHL will amend this Complaint to set forth the amount of its damages when the same becomes known to CHL or provide such proof at the time of trial in this matter.

      36.     CHL seeks a declaration from this Court that the reconveyances recorded on April 23, 2009 in the Official Records of the San Diego County Recorder are void and of no force and effect in order to protect the rights of CHL and other innocent bona fide purchasers or encumbrancers who might rely upon the void reconveyances to their damage.

### SECOND CAUSE OF ACTION FOR CANCELLATION OF INSTRUMENT

      37.     CHL realleges as though set forth in full at this point the allegations contained in Paragraphs 1 through 36.

      38.     CHL was not paid in full all the amounts due under the Note and the Deed of Trust at the time that Romero Chua allegedly caused to be issued the fraudulent Full Reconveyance which was recorded on April 23, 2009, as shown on Exhibit "5."

      39.     CHL was not paid in full all the amounts due under the Note and the Deed of Trust at the time that Romero Chua allegedly caused to be issued the fraudulent Full Reconveyance which was recorded on April 23, 2009, as shown on Exhibit "6."

40. Because the Full Reconveyances recorded on April 23, 2009 are fraudulent and/or forged, CHL is entitled to the cancellation of the Full Reconveyances recorded on April 23, 2009, because they are void instruments.

41. Because no consideration was provided to CHL by Romero or Consuelo Chua, R & C Trust or any other <u>third</u> party, including all Counter-defendants, known or unknown, CHL is entitled to the cancellation of the Full Reconveyances recorded on April 23, 2009, because they are void instruments.

42. Unless the cancellation of the Full Reconveyances are ordered by this Court, CHL will suffer damages in an amount unknown to CHL, but in an amount of at least $592,808.61 in principal and interest and charges which CHL is entitled to under the terms of the Notes because these items will no longer remain secured liens against the Property. CHL will amend this Complaint when the exact amount of damages become known to it, or will present proof of such damages at the time of trial in this matter.

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

43. CHL realleges and though set forth in full at this point the allegations contained in Paragraphs 1 through 42.

44. CHL brings this cause of action for declaratory relief in connection with Plaintiff/Counter-defendants' election to rescind their home loans under the Truth in Lending Act, 15 U.S.C. § 1635 ("TILA").

45. CHL requests that the Court enter an Order finding that Plaintiff/Counter-defendants' rescission request is invalid because they received the notices required by TILA and that said notices did not contain errors justifying rescission.

46. CHL alleges, on information and belief, that at the time Plaintiff/Counter-defendants signed their loan documents, they were provided with all the appropriate disclosure requirements and statutory notices.

47. Plaintiff/Counter-defendants are not entitled to rescind the loans because the received the required statutory notices.

48. Plaintiff/Counter-Defendants did not tender the amount due under the TILA rescission with their attempt to rescind.

49. An actual controversy within this Court's jurisdiction has arisen and now exists between CHL and Plaintiff/Counter-defendants about their respective rights and duties in connection with Plaintiff/Counter-defendants attempt to rescind the two loans described in this Counterclaim. A judicial determination is necessary regarding the rights, duties, and legal relations between CHL and the Plaintiff/Counter-defendants for the reasons stated above.

50. CHL requests an Order from this Court finding that Plaintiff/Counter-defendants did not effectuate rescission of the two loans within the three day rescission period prescribed by the Truth in Lending Act and that Plaintiff/Counter-defendants are not entitled to an extension of that period for any reason.

51. Alternatively, and only in the event, Court finds that Plaintiff/Counter-defendants rescission request is valid, CHL requests that the Court issue an Order establishing reasonable and equitable procedures that adequately protect CHL while effectuating Plaintiff/Counter-defendants' benefit, as a condition precedent for CHL releasing the security interest and paying the sums due Plaintiff/Counter-defendants, if any, under TILA.

52. CHL is informed and believes that Plaintiff/Counter-defendants do not have the ability to repay the sums necessary to rescind the two loans.

53. Accordingly, if the Court were to find that Plaintiff/Counter-defendants are entitled to rescind, it would be inequitable to require CHL to release the security instruments without procedures in place to ensure that Plaintiff/Counter-defendants will repay the sums due to CHL.

54. As a last resort, the Court should enter a judgment, declaring that Plaintiff/Counter-defendants owe CHL the principal sum, including interest, of $592,808.61 less any sums due for rescission, and imposing an equitable lien on the Property until Plaintiff/Counter-defendants have repaid CHL in full, at the prevailing judgment rate. The judgment should include a provision that CHL is not obligated to convey its existing deeds of

1 trust until Plaintiff/Counter-defendants pay the rescission amount determined by the Court in
2 immediately available funds to CHL.

3    55.    An actual controversy within this Court's jurisdiction has arisen and now exists
4 between the parties about their respective rights and duties in connection with Plaintiff/Counter-
5 defendants' attempt to rescind their loans.  A judicial declaration is necessary regarding the
6 rights, duties and legal relations between the parties for the reasons stated above.

7    WHEREFORE, CHL prays for relief as follows:

8    1.    For declaratory judgment that the Full Reconveyance apparently caused to be
9 issued by Romero Chua and which is dated February 19, 2009, and recorded April 23, 2009, as
10 Instrument No. 2009-0210556 of the Official Records of the San Diego County Recorder be
11 held void, cancelled and rescinded and CHL be declared to hold a valid and enforceable first
12 priority lien against the Property, subject only to ad valorem real property taxes;

13    2.    For declaratory judgment that the Full Reconveyance apparently caused to be
14 issued by Romero Chua and which is dated February 19, 2009, and recorded April 23, 2009, as
15 Instrument No. 2009-0210557 of the Official Records of the San Diego County Recorder be
16 held void, cancelled and rescinded and CHL be declared to hold a valid and enforceable second
17 priority lien against the Property, subject only to ad valorem real property taxes;

18    3.    For a judgment that CHL holds a valid and enforceable first priority deed of trust
19 against the Property located at 978 Mira Lago Way, San Marcos, County of San Diego,
20 California and that any other liens and any rights granted to third parties under said liens are and
21 have always been subordinate to the right, title and interest of CHL and their successors-in-
22 interest;

23    4.    For a judgment that CHL holds a valid and enforceable second priority deed of
24 trust against the Property located at 978 Mira Lago Way, San Marcos, County of San Diego,
25 California and that any other liens and any rights granted to third parties under said liens are and
26 have always been subordinate to the right, title and interest of CHL and their successors-in-
27 interest;

28

5. For a judgment holding that Romero Chua, Consuelo Chua, and R & C Trust, and each of their rights, are subject to and remain subject to the obligations of that certain first deed of trust recorded on March 27, 2006, as Instrument No. No. 2006-0208082 of the Official Records of the San Diego County Recorder, which obligation is currently held by CHL;

6. For a judgment holding that Romero Chua, Consuelo Chua, and R & C Trust, and each of their rights, are subject to and remain subject to the obligations of that certain second deed of trust recorded on March 27, 2006, as Instrument No. No. 2006-0208083 of the Official Records of the San Diego County Recorder, which obligation is currently held by CHL;

7. For a judgment holding that any party who wishes to sell and/or transfer the Property shall do so subject to the rights of CHL as evidenced by the Notes and the Deeds of Trust identified herein;

8. For a judgment establishing that Plaintiff/Counter-defendants are not entitled to rescind their loans;

9. Alternatively, and only in the event that the Court finds that Plaintiff/Counter-defendants' rescission request is valid, enter a declaratory judgment establishing reasonable and equitable procedures that adequately protect CHL while effectuating Plaintiff/Counter-defendants' rescission of the loans, including a requirement that Plaintiff/Counter-defendants return the net loan proceeds paid to them and on their behalf, simultaneously with CHL's release of the deeds of trust and pay the sums due to Plaintiff/Counter-defendants, if any;

10. Unless and until Plaintiff/Counter-defendants return to CHL the net loan proceeds paid to them or on their behalf, impose an equitable lien on the property in the amount of at least $592,808.61 in favor of CHL;

11. For injunctive relief preventing the transfer or any further encumbrance of the Property without a court order;

12. For reasonable attorneys' fees;

13. For all costs of suit incurred herein; and

14. For such other relief as the Court deems just and proper.

Dated: May 13, 2009                          KIRBY & McGUINN, A P.C.


                                             By: /s/ C. Colin Cossio
                                                 C. Colin Cossio, Esq.
                                                 Attorneys for COUNTRYWIDE HOME
                                                 LOANS, INC.