1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROMERO CHUA,                    )      Civil No. 09cv105-L(WVG)
                                    )
12              Plaintiff,          )      **ORDER GRANTING MOTION TO**
                                    )      **DISMISS WITH LEAVE TO AMEND**
13  v.                              )
                                    )
14  BARRATT AMERICAN *et al.*,      )
                                    )
15              Defendants.         )
                                    )
16  _____

17        Plaintiff, proceeding *pro se*, seeks to rescind a mortgage, receive reimbursement of the

18  closing costs and accrued interest, and prevent Defendants from encumbering, selling,

19  hypothecating or transferring the mortgaged property.  Defendant Countrywide Home Loans,

20  Inc. ("Countrywide") removed this action from state court based on federal question jurisdiction

21  and filed a motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure

22  12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e).  Plaintiff did

23  not file an opposition.  For the reasons which follow, Countrywide's motion is **GRANTED**

24  **WITH LEAVE TO AMEND**.

25        In his First Amended Complaint Plaintiff alleges that he purchased a residence at 978

26  Mira Lago Way in San Marcos, California ("Property").  In March 2006 Plaintiff borrowed

27  funds from Countrywide to purchase the Property, and secured the repayment of the loan with a

28  Deed of Trust against the Property.  He alleges that Defendants, Barratt American, the real estate

1  agent and broker as well as a loan broker associated with the purchase, and Countrywide, the

2  lender, violated the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602, 1604, 1610,

3  1639-1641 & 1647-1648 ("HOEPA"), the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*

4  ("TILA"), the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), the

5  Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* ("ECOA"), and California Business

6  and Professions Code Section 17500.

7  　　Countrywide moves to dismiss all causes of action for failure to state a claim upon which

8  relief can be granted.  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.

9  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule

10  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

11  provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

12  formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

13  enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

14  550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In

15  reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual

16  allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v.*

17  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken

18  as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*,

19  812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

20  1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to

21  defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir.

22  1998).

23  　　Countrywide argues that HOEPA does not apply to Plaintiff's loan because the loan was a

24  residential mortgage transaction, which is exempt from HOEPA.  15 U.S.C. § 1602(aa).  Among

25  other things, a residential mortgage transaction is for the purpose of "financ[ing] the acquisition

26  or initial construction of such dwelling." *Id*. § 1602(w).  Plaintiff alleged that he borrowed from

27  Countrywide in order to purchase the Property.  (First Am. Compl. at 2-3.)  Accordingly,

28  Plaintiff's first cause of action for HOEPA violations is dismissed with prejudice.

1    Countrywide next contends that to the extent Plaintiff seeks damages under TILA, the
2  claim is time barred.  The applicable statute of limitations is "one year from the date of the
3  occurrence of the violation."  15 U.S.C. § 1640(e).  "[T]he limitations period in Section 1640(e)
4  runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling
5  may, in the appropriate circumstances, suspend the limitations period until the borrower
6  discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the
7  basis of the TILA action."  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Because the
8  transaction was consummated in 2006, the statute of limitations has long expired.  Since Plaintiff
9  has not filed an opposition, the court has no basis to conclude that there are grounds for equitable
10  tolling for a sufficient period of time to make this action timely.

11    To the extent Plaintiff requests rescission under TILA, Countrywide argues that
12  Plaintiff's transaction does not meet the criteria for the rescission remedy to apply.  Like
13  HOEPA, the TILA rescission remedy excludes residential mortgage transactions as defined in 15
14  U.S.C. § 1602(w).  15 U.S.C. § 1635(e)(1).  Rescission under TILA is not available to Plaintiff
15  for the same reasons HOEPA does not apply to this case.  Based on the foregoing, Plaintiff's
16  TILA claim is dismissed with prejudice.

17    Countrywide also seeks dismissal of the RESPA claim, arguing that any claims brought
18  under 12 U.S.C. Sections 2607 (Prohibition against kickbacks and unearned fees) and 2608
19  (Title companies, liability of seller) are time barred.  RESPA provides a one-year statute of
20  limitations for these claims, which begins to run on "the date of the occurrence of the violation."
21  12 U.S.C. § 2614.  "The date of the occurrence" is interpreted to refer to the closing.  *Snow v.*
22  *First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003).  The loan transaction between
23  Countrywide and Plaintiff closed in March 2006.  Accordingly, to the extent the RESPA claim is
24  based on sections 2607 and 2608, it is barred by the statute of limitations and dismissed with
25  prejudice.

26    RESPA also provides for jurisdiction in the courts over section 2605 violations.  Section
27  2605 requires disclosure and notice of assignments, sales or transfers of loan servicing.  12
28  U.S.C. 2605(a) & (b).  Plaintiff alleges, albeit in the context of his HOEPA claim, that

1    Defendants violated the law by selling or otherwise assigning the loan without providing the

2    requisite notice.  (First Am. Compl. at 5.)  These allegations are incorporated by reference into

3    the RESPA claim.  (*Id*. at 6.)  Although Plaintiff does not expressly reference RESPA but refers

4    to other statutes, it appears that Plaintiff intended to assert a RESPA violation as well.  The

5    statute of limitations for section 2605 violations is three years.  12 U.S.C. § 2614.  This action

6    was filed on September 15, 2008; accordingly, a section 2605 claim is not barred by the statute

7    of limitations.

8        However, to the extent Plaintiff intended to state a section 2605 claim, he does not allege

9    sufficient facts to meet the notice pleading requirements of Rule 8(a) of Federal Rules of Civil

10   Procedure.  For example, he does not affirmatively allege that his loan was sold or assigned, and

11   he does not identify the transferee.  Although Rule 8 does not require that the complaint include

12   all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to infer the

13   existence of a claim for relief.  *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009).  This calls

14   for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove

15   that claim.  *Id*.  Plaintiff's complaint falls short of this requirement.  Accordingly, to the extent

16   Plaintiff intends to assert a claim under section 2605, the claim is dismissed.

17       Plaintiff's fourth cause of action, which Countrywide moves to dismiss, alleges violations

18   of various federal statutes and regulations.  With regard to the ECOA, Plaintiff claims that

19   Defendants did not provide an "ECOA Appraisal Notice."  Under the ECOA, a creditor is

20   required to provide a copy of an appraisal report to a loan applicant either routinely or, if the

21   creditor does not routinely provide appraisals, upon the applicant's request.  15 U.S.C. 1691(e)

22   & 12 C.F.R. § 202.14(a).  If the creditor provides appraisal reports only upon request, it must

23   give the applicant written notice of the right to receive a copy of the appraisal.  12 C.F.R.

24   § 202.14(a)(2)(i).  Plaintiff does not allege that he did not receive the appraisal, only that he did

25   not receive notice of his right to request it.  (First Am. Compl. at 4, 7.)  Accordingly, this claim

26   is not supported by sufficient factual allegations and Countrywide's motion to dismiss it is

27   granted.

28       Plaintiff further claims that Defendants violated 24 C.F.R. Parts 203 and 3500 by failing

1   to disclose the Yield Spread Premium in the Good Faith Estimate.  (First Am. Compl. at 8.)

2   Apparently a premium was paid to the broker for procuring the loan.  (*See id*. Ex. D (Buyer's

3   Final Settlement Statement) at 1.)  This claim is based on 12 U.S.C. Section 2607 (Prohibition

4   against kickbacks and unearned fees).  It is time barred and therefore dismissed with prejudice.

5        Plaintiff also claims that Defendants violated 24 C.F.R. 3500.21, which addresses

6   mortgage servicing transfers pursuant to RESPA.  Plaintiff alleges that Defendants failed to give

7   him notice regarding a mortgage servicing transfer.  (First Am. Compl. at 5, 7 (incorporation by

8   reference).)  This claim is dismissed for the same reason his RESPA claim pursuant to 12 U.S.C.

9   Section 2605 is dismissed.

10        Plaintiff's fifth cause of action for violation of California Business and Professions Code

11   Section 17500 is based on the theory that Defendants induced him to take the loan by misleading

12   him into believing that he could afford it.  (First Am. Compl. at 3-4, 9.)  Countrywide argues that

13   Plaintiff does not allege the misleading representations with sufficient specificity.  Federal Rule

14   of Civil Procedure 9(b) applies to fraud claims.[1]  To comply with Rule 9(b), "the circumstances

15   constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "A pleading is

16   sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant

17   can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*,

18   885 F.2d 531, 540 (9th Cir. 1989).  In this regard, it is sufficient to plead items such as the time,

19   place and nature of the alleged fraudulent activities.  *Id*.  Generally, Rule 9(b) also requires a

20   plaintiff to attribute particular fraudulent statements or acts to individual defendants.  *Id*.

21   However,

22        the rule may be relaxed as to matters within the opposing party's knowledge.  For
        example, in cases of corporate fraud, plaintiffs will not have personal knowledge
23        of all the underlying facts.  . . . Instances of corporate fraud may also make it
        difficult to attribute particular fraudulent conduct to each defendant as an
24        individual.  To overcome such difficulties in cases of corporate fraud, the

25   _____

26        [1]     Countrywide's partial reliance on California law for pleading requirements is in
    error.  Irrespective of the source of subject matter jurisdiction and irrespective of whether the
27   substantive law at issue is state or federal, in federal court, procedure is governed by federal law,
    particularly when an issue is directly covered by Federal Rules of Civil Procedure.  *Hanna v.*
28   *Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir.
    2003).

1          allegations should include the misrepresentations themselves with particularity
2          and, where possible, the roles of the individual defendants in the
         misrepresentations.

3 *Id*. Plaintiff does not allege any facts at all regarding who made the representations, when they

4 were made, and does not specify what the alleged representation was.  Countrywide's motion to

5 dismiss the fifth cause of action is therefore granted.

6       Based on the foregoing, Countrywide's motion is **GRANTED**.  Because the motion is

7 granted pursuant to Rule 12(b)(6), the court need not consider Countrywide's arguments for a

8 more definite statement pursuant to Rule 12(e).

9       Plaintiff did not request leave to amend if the motion to dismiss is granted.  Nevertheless,

10 the court must consider whether a motion to dismiss should be granted with leave to amend.  *See*

11 *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

12 Rule 15 advises the court that leave to amend shall be freely given when justice so requires.

13 Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital,*

14 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation

15 omitted).  Dismissal with prejudice and without leave to amend is not appropriate unless it is

16 clear that the complaint could not be saved by amendment.  *Id*. at 1052.

17       Because  Plaintiff may be able to adequately allege (1) a RESPA claim pursuant to 12

18 U.S.C. Section 2605 and 24 C.F.R. 3500.21 relating to the disclosure and notice of assignments,

19 sales or transfers of loan servicing; (2) an ECOA clam pursuant to 15 U.S.C. 1691(e) and 12

20 C.F.R. § 202.14(a) relating to Plaintiff's right to receive a copy of an appraisal report, and (3) a

21 claim for false or misleading statements pursuant to California Business and Professions Code

22 Section 17500, Plaintiff is **GRANTED LEAVE TO AMEND** these claims.  Because it appears

23 that amendment of the remaining claims would be futile, they are **DISMISSED WITH**

24 **PREJUDICE**.

25       If Plaintiff chooses to amend pursuant to this order, his second amended complaint must

26 be complete in itself without reference to the superseded pleading.  *See* Civil Local Rule 15.1.

27 Defendants not named and claims not re-alleged in the second amended complaint may be

28 considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

09cv105

1    Accordingly, it is hereby **ORDERED** as follows:

2    1. Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss for Failure to State a

3    Claim upon Which Relief Can Be Granted, or, in the Alternative, for a More Definite Statement

4    is **GRANTED WITH LEAVE TO AMEND** as stated herein.

5    2. If Plaintiff chooses to file a second amended complaint, he must file and serve it no

6    later than **April 6, 2010**. Defendants shall file and serve any response to the second amended

7    complaint within the time set in Rule 15(a)(3).

8    **IT IS SO ORDERED**.

9

10   DATED:  March 17, 2010

11   _____

12   M. James Lorenz
     United States District Court Judge

13   COPY TO:

14   HON. WILLIAM V. GALLO
     UNITED STATES MAGISTRATE JUDGE

15   ALL PARTIES/COUNSEL

16

17

18

19

20

21

22

23

24

25

26

27

28