UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROMERO CHUA, | ) | Civil No. 09cv105-L(WVG) |
| Plaintiff, | ) | **ORDER OF REMAND** |
| v. | ) | |
| AMERICA'S WHOLESALE LENDER, | ) | |
| Defendant; | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

Plaintiff Romero Chua, proceeding *pro se*, filed a complaint in State court against America's Wholesale Lender (Countrywide Home Loans) seeking to rescind a mortgage, receive reimbursement of the closing costs and accrued interest, and prevent it from transferring the mortgaged property. Defendant Countrywide Home Loans, Inc. ("Countrywide") removed this action from state court based on federal question jurisdiction pursuant to 28 U.S.C. Sections 1441(b) and 1331.

After removal Plaintiff filed an amended complaint naming Barratt American, America Wholesale Lender and Countrywide Home Loans as Defendants. He alleged that he borrowed funds from Countrywide to purchase a residence, and secured the repayment of the loan with a deed of trust. He contended that Barratt American, the real estate agent and broker as well as a loan broker associated with the purchase, and Countrywide, the lender, violated several federal

statutes, including the Truth in Lending Act ("TILA"), and California Business and Professions Code Section 17500. He requested the court to rescind the mortgage, reimburse closing costs and all accrued interest, and preclude Defendants from transferring the residence.

BAC Home Loans Servicing, L.P. fka Countrywide Home Loans, L.P. d/b/a/ America's Wholesale Lender ("BAC") filed a pleading styled as a counterclaim[1] against Plaintiff, Consuelo Chua, R & C Trust and All Persons Known and Unknown Claiming Right, Interest or Title to the Property. BAC alleged that the Chuas fraudulently filed full reconveyances of two deeds of trust encumbering the residence. BAC requested a declaratory judgment that the reconveyances are void, cancellation of the reconveyances, and a declaratory judgment that Plaintiff's claim for rescission of the mortgage pursuant to TILA, 15 U.S.C. § 1635, is invalid.

Subsequently, Countrywide and BAC filed a motion to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). The motion was granted with leave to amend. (Mar. 17, 2010 Order Granting Motion to Dismiss with Leave to Amend.) However, Plaintiff did not file a second amended complaint and the action was dismissed. (*See* May 19, 2010 Order Denying Defendants' Ex Parte Application.)

Remaining before the court are only BAC's State law claims. With the order granting the

---

[1] It is doubtful that BAC filed a valid counterclaim. "A counterclaim is a claim for affirmative relief asserted by a party (generally the defendant) against an opposing party (i.e., plaintiff)." William W. Schwarzer *et al.*, Fed. Civ. Proc. Before Trial ¶ 8:1096 (2010), citing Fed. R. Civ. Proc. 13 (emphasis omitted). BAC was not a named party in this case when it filed the counterclaim. The relationship between BAC and any of the named Defendants is not explained in the counterclaim. Although BAC chooses to refer to itself in the body of the counterclaim as Countrywide Home Loans, Inc., which was a named Defendant, Countrywide Home Loans, Inc. is not included on the caption of the counterclaim. The "fka" designation for BAC listed on the caption is Countrywide Home Loans, L.P. rather than Countrywide Home Loans, Inc. Accordingly, it does not appear from the face of the counterclaim that BAC was a party who could file a counterclaim in this action.

To the extent any named Defendant had transferred to BAC its interest in this litigation, BAC should have followed Federal Rule of Civil Procedure 25(c). *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (either the suit may continue in the transferor's name and the judgment may be binding on the transferee, or the transferee may move for substitution of parties).

Even if BAC were a party who could file a counterclaim, a counterclaim cannot be filed in the absence of an answer. *See* Fed. R. Civ. Proc. 7(a); *see also* Schwarzer *et al.*, Fed. Civ. Proc. Before Trial ¶ 8:1255. BAC did not file an answer, but instead joined in Defendant Countrywide's Rule 12(b)(6) motion to dismiss, which was granted.

motion to dismiss and Plaintiff's failure to amend the complaint, all federal claims have been disposed of, including BAC's third counterclaim for declaratory judgment, which was based entirely on the request for a finding that Plaintiff's claim for rescission under TILA was invalid. The only claims remaining are BAC's State law claims for declaratory judgment finding the recorded reconveyances void and for cancellation of instruments.

Based on the foregoing, the court declines to exercise supplemental jurisdiction. This action is therefore remanded to the Superior Court of California, County of San Diego pursuant to 28 U.S.C. Section 1367(c)(3).

**IT IS SO ORDERED**.

DATED: December 17, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL